# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: January 19, 2024

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | |
| DONNA MARTIN, | * | No. 17-1607V |
| | * | Special Master Sanders |
| Petitioner, | * | |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | | |

*Alison H. Haskins,* Maglio Christopher and Toale, PA, Sarasota, FL, for Petitioner.
*Neil Bhargava,* United States Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On August 4, 2023, Donna Martin ("Petitioner") filed a motion for interim attorneys' fees and costs, requesting a total of **$280,099.12** for her counsel, Ms. Alison Haskins. Mot. Int. Attorneys' Fees & Costs at 1, ECF No. 82 [hereinafter "Fees App."].[2] This amount consists of $220,148.40 in fees and $59,950.72 in costs. *Id.* at 1. On October 11, 2023, Respondent filed his response to Petitioner's motion. Resp't's Resp., ECF No. 83. In his response, Respondent stated that he "defers to the special master regarding whether the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Further, Respondent "respectfully requests that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3. For the reasons stated below, the undersigned will award interim attorneys' fees and costs for Petitioner's counsel at this time.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] All citations to Petitioner's motion for interim attorneys' fees and costs, ECF No. 82, will use the page numbers generated by CM/ECF.

I.  **Procedural History**

On October 26, 2017, Petitioner filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program ("Program").[3] 42 U.S.C. §§ 300aa-1 to -34 (2012); Pet., ECF No. 1. Petitioner alleged that she suffered from microscopic polyangiitis and related symptoms as a result of an influenza ("flu") vaccine administered on November 17, 2014. *Id.* at 1, 5. On December 11, 2017, Petitioner filed medical records and a statement of completion. ECF Nos. 8–11. Petitioner also filed an affidavit on January 4, 2018. ECF No. 13. Petitioner filed additional medical records and a statement of completion by April 26, 2018. ECF Nos. 15–18. Petitioner filed additional medical records on July 26, 2018 and October 8, 2018. ECF Nos. 23, 25. On August 17, 2018, Respondent filed his Rule 4(c) report, indicating that this case was not appropriate for compensation. Resp't's Report at 1, ECF No. 26.

Petitioner filed an expert report and curriculum vitae ("CV") from Dr. Lindsay Lally along with medical literature on May 16, 2019. ECF Nos. 36–37. Petitioner filed additional medical records on May 20, 2019. ECF No. 38. Respondent filed two responsive expert reports by Dr. Chester Oddis and Dr. You-Wen He, along with CVs and medical literature. ECF Nos. 40–41. Petitioner also filed additional medical records on October 1, 2019 and November 1, 2019. ECF Nos. 42–43. On December 3, 2019, Petitioner filed a responsive expert report by Dr. Lally and medical literature. ECF No. 44. Respondent filed medical literature and supplemental expert reports by Dr. Oddis and Dr. He on December 3, 2019. ECF No. 45. On September 2, 2020, I held a Rule 5 status conference. Min. Entry, docketed Sept. 2, 2020. During the conference, the parties agreed that Petitioner required additional time to retain an expert in immunology. ECF No. 48. On January 15, 2021, Petitioner filed a status report indicating that Dr. Lally will opine on the immunology issue, medical records, medical literature, and an expert report by Dr. Lally. ECF Nos. 51–53.

On February 16, 2021, this matter was referred to ADR. ECF No. 54. Respondent filed expert reports by Dr. Oddis and Dr. He on March 15, 2021. ECF No. 59. On May 17, 2021, this case was removed from ADR after settlement discussions were unsuccessful. ECF No. 60. On April 19, 2022, Petitioner filed an expert report by Dr. Marc Serota accompanied with a CV and medical literature. ECF No. 63. Respondent filed a responsive expert report by Dr. He on June 21, 2022. ECF No. 64. Petitioner filed an additional expert report by Dr. Serota on August 8, 2022. ECF No. 66.

On February 2, 2023, Petitioner filed a motion for a ruling on the record. ECF No. 74. Respondent filed a response on March 31, 2023. ECF No. 79. Petitioner filed a reply on April 12, 2023. ECF No. 80.

---

[3] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

## II.   Availability of Interim Attorneys' Fees and Costs

### A.   Good Faith and Reasonable Basis

Under the Vaccine Act, petitioners may recover reasonable attorneys' fees and costs only if "the petition was brought in good faith, and there was a reasonable basis for which the petition was brought." § 15(e)(1). Respondent does not object to Petitioner's motion on the basis of good faith or reasonable basis, and the undersigned finds that the statutory criteria for an award of interim fees and costs are met.

### B.   Justification for an Interim Award

In *Avera*, the Federal Circuit stated that a special master may award attorneys' fees and costs on an interim basis. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). The Court noted that such awards "are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." *Id.* Similarly, the Federal Circuit held in *Shaw* that it is proper for a special master to award interim attorneys' fees "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim[.]" *Shaw v. Sec'y of Health & Hum. Servs.*, 609 F.3d 1372, 1375 (Fed. Cir. 2010).

Many cases in the Program are proceeding slower than they have in the past. *See Miles v. Sec'y of Health & Hum. Servs.*, No. 12-254V, 2017 WL 4875816 at *5 (Fed. Cl. Spec. Mstr. Oct. 4, 2017) ("It may be months to years before an entitlement ruling is issued."); *Abbott v. Sec'y of Health & Hum. Servs.*, No. 14-907V, 2016 WL 4151689, at *4 (Fed. Cl. Spec. Mstr. July 15, 2016) ("The delay in adjudication, to date, is due to a steady increase in the number of petitions filed each year.").

This case has been pending for over six years, and an entitlement decision remains outstanding. Meanwhile, Petitioner's fees and costs have accumulated in the course of prosecuting this case. Petitioner's counsel has requested $280,099.12 in fees and costs, and "[i]t cannot be seriously argued that in essence loaning cases thousands of dollars for years is not a hardship." *Kirk v. Sec'y of Health & Hum. Servs.*, No. 08-241V, 2009 WL 775396, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009). Because of the protracted nature of the proceedings and the accumulation of fees and costs, the undersigned finds an award of interim attorneys' fees and costs reasonable and appropriate in this case.

## III.   Reasonable Attorneys' Fees

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may

make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar serves by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895 n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### A. Hourly Rate

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *mot. for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Office of Special Masters has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, 2019, 2020, 2021, 2022, and 2023 can be accessed online.[4]

Petitioner requests the following hourly rates for the work of her counsel: for Ms. Haskins, $348 per hour of work performed in 2017, $369 per hour of work performed in 2018, $387 per hour of work performed in 2019, $414 per hour of work performed in 2020, $440 per hour of work performed in 2021, $460 per hour of work performed in 2022, and $492 per hour of work performed in 2023; for Mr. Altom Maglio, $362 per hour of work performed in 2017; for Ms. Anne Toale, $500 per hour of work performed in 2022 and $535 per hour of work performed in 2023; for Ms. Danielle Strait, $395 per hour of work performed in 2021 and $415 per hour of work performed in 2022; for Ms. Diana Stadelnikas, $359 per hour of work performed in 2016, $415 per hour of work performed in 2019, $470 per hour of work performed in 2021, $490 per hour of work performed in 2022, and $525 per hour of work performed in 2023; for Ms. Elizabeth Abramson, $250 per hour of work performed in 2022; and for Ms. Jessica Olins, $145 per hour of work performed in 2016 as a law clerk and $320 per hour of work performed in 2023 as an attorney. Pet'r's Ex. 98 at 53–54, ECF No. 82-2. Petitioner also requested the following rates for the work of her counsel's paralegals: $145 per hour of work performed in 2017, $148 per hour of work performed in 2018, $154 per hour of work performed in 2019, $160 per hour of work performed in 2020, $165 per hour of work performed in 2021, $170 per hour of work performed in 2022, and $180 per hour of work performed in 2023. *Id.* Petitioner further requested the following rates for

---

[4] The OSM Fee Schedules are available at: http://www.cofc.uscourts.gov/node/2914.

the work of her counsel's medical records paralegals: $140 per hour of work performed in 2018 and $145 per hour of work performed in 2019 and 2020. *Id.*

I have reviewed the billing records submitted with Petitioner's request, and I find that the hourly rates billed for 2016 through 2023 for attorney time and paralegal time are all reasonable and in accord with prior awards made by other special masters. *See Meyer v. Sec'y of Health & Hum. Servs.*, No. 16-1414V, 2018 WL 3987338, at *3 (Fed. Cl. Spec. Mstr. May 15, 2018) (approving an hourly rate for Ms. Haskins of $324 in 2016 and $348 in 2017, as well as a range of $105 to $145 for paralegals). *See also Ferguson v. Sec'y of Health & Hum. Servs.*, No. 14975V, 2016 WL 4140949, at *2–3 (Fed. Cl. Spec. Mstr. July 11, 2016) (approving the hourly rates of $324 for Ms. Haskins in 2016 and $135 for paralegals).

### B. Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley*, 461 U.S. at 434). Upon review of the submitted billing records, I find that the time billed largely reasonable. *See* Pet'r's Ex. 98, ECF No. 82-2. The invoice entries are sufficiently detailed for an assessment to be made of the entries' reasonableness.

### C. Attorney Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $59,950.72 in costs, primarily comprised of expert costs, medical records costs, administrative filing fees, and postage. Pet'r's Ex. 99 at 1–3, ECF No. 82-3. Petitioner has provided adequate documentation of all these expenses, and they appear reasonable for the work performed in this case. Therefore, Petitioner is awarded the full amount of costs sought.

### IV. Conclusion

Petitioner's motion is hereby **GRANTED**. In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs is reasonable. Based on the above analysis, the undersigned finds that it is reasonable to compensate Petitioner and her counsel as follows:

| Attorneys' Fees Requested | $220,148.40 |
|---|---|
| (Reduction to Fees) | -($0.00) |
| **Total Attorneys' Fees Awarded** | |
| | |
| Attorneys' Costs Requested | $59,950.72 |
| (Reduction of Costs) | - ($0.00) |
| **Total Attorneys' Costs Awarded** | |
| | |
| **Total Attorneys' Fees and Costs** | **$280,099.12** |

Accordingly, the undersigned awards a lump sum in the amount of **$280,099.12** to be issued in the form of a check payable jointly to Petitioner and Petitioner's counsel, Ms. Alison Haskins, for interim attorneys' fees and costs.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the above Decision.[5]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders  
Herbrina D. Sanders  
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.